UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

ANGELA HURLBURT, an individual; THERESA KUEHNA, an individual; THAD AND MELISSA ROSE, a married couple; CATHY STARLIN, an individual; and DONALD WORDEN, an individual

     Plaintiffs,

v.

OSCEOLA COUNTY, a Governmental Unit; TONIA HARTLINE, in her individual and official capacity; and LORI LEUDMAN, in her individual and official capacity,

     Defendants.

Case No. 23-cv-906

Hon.  _____

Osceola County Case No. 23-16681-CZ
HON. AMY CLAPP (P67451)

**DEFENDANTS' NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §1446(b)**

_____

| | |
|---|---|
| Donald R. Visser (P27961)<br>Daniel O. Myers (P49250)<br>VISSER AND ASSOCIATES, PLLC<br>Attorneys for Plaintiffs<br>2480 - 44th Street, S.E., Suite 150<br>Kentwood, MI 49512<br>(616) 531-9860 | Allan C. Vander Laan (P33893)<br>Cummings, McClorey, Davis & Acho<br>Attorney for Defendants<br>2851 Charlevoix Dr., S.E. - Suite 203<br>Grand Rapids MI  49546<br>(616) 975-7470<br>avanderlaan@cmda-law.com |
| E. Powell Miller (P39487)<br>Christopher D. Kayne (P61918)<br>Sharon S. Almonrode (P33938)<br>THE MILLER LAW FIRM, PC<br>Attorneys for Plaintiffs<br>950 W. University Drive, Suite 300<br>Rochester, MI 48307<br>(248) 841-2200 | Matthew E. Gronda (P73693)<br>GRONDA PLC<br>Attorney for Plaintiffs<br>4800 Fashion Square Boulevard, Suite 200<br>Saginaw, MI 48604<br>(989) 249-0350 |
| Philip L. Ellison (P74 117)<br>OUTSIDE LEGAL COUNSEL, PLC<br>Attorney for Plaintiffs<br>PO Box 107<br>Hemlock, MI 48626<br>(989) 642-0055 | |

_____

## DEFENDANTS' NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §1446(b)

PLEASE TAKE NOTICE that Defendants, Osceola County, Tonia Hartline and Lori Leudman, by and through their attorneys, Cummings, McClorey, Davis & Acho, P.L.C., hereby remove the matter entitled, *Angela Hurlburt, et al. v. Osceola County, et al.,* Case No. 23-16681-CZ currently pending in the Osceola County Circuit Court to the United States District Court for the Western District of Michigan. The bases for removal are set forth below:

1. On or about on June 26, 2023, this action was commenced in the Osceola County Circuit Court.  Defendants were served via personal service with the lawsuit on or about August 7, 2023.  A copy of the Summons and Complaint, which constitute all process and pleadings received by the Defendants, are attached**.**

2. The allegations in Plaintiffs' Complaint involve a claim by Plaintiffs arising, in part, under; Count VI – 42 USC §1983 Violation of Substantive Due Process (Against All Defendants), Count VII  - 42 USC §1983 Violation of Procedural Due Process (Against All Defendants), Count VIII - 42 USC §1983 Taking – Fifth/Fourteenth Amendment Violation (Against All Defendants); Count IX - 42 USC §1983 Taking – Fifth/Fourteenth Amendment Violation "Arising Directly" Under the Fifth Amendment" (Against All Defendants), and Count X – Violation of the Eighth Amendment (Against All Defendants); which would be within the original jurisdiction of this United States District Court.

3. Supplemental Jurisdiction is appropriate pursuant to 28 U.S.C. § 1367 for state law claims asserted by the Plaintiffs.

4. The federal claims are summarized as follows:

   a. Plaintiffs allege in Count VI that Defendants violated Substantive Due Process under 42 U.S.C. §1983;

   b. Plaintiffs allege in Count VII that Defendants violated Procedural Due Process under 42 U.S.C. §1983;

   c. Plaintiffs allege in Count VIII that Defendants committed a taking in violation of the Fifth and Fourteenth Amendments to the United States Constitution under 42 U.S.C. §1983;

   d. Plaintiffs allege in Count IX that Defendants' violated the Takings Clause of the Fifth and Fourteenth Amendments to the United States Constitution by committing a taking; and

   e. Plaintiffs allege in Count X that Defendants violated the Eighth Amendment of the United States Constitution.

5. The state law claims are summarized as follows:

   a. Plaintiffs allege in Count I that Defendants wrongfully obtained and unlawfully retain surplus proceeds subject to a constructive trust;

   b. Plaintiffs allege in Count II that Defendant County unlawfully obtained and retained Plaintiffs' property under a theory of unjust enrichment;

   c. Plaintiffs allege in in Count III that Defendants violated Article X, Section II of Michigan's 1963 Constitution and the Fifth and Fourteenth Amendments of the United States Constitution under a theory of inverse condemnation;

   d. Plaintiffs allege in in Count IV that Defendants' failure to turn over surplus proceeds constitutes an act of conversion; and

   e. Plaintiffs allege in in Count V that wrongfully retained Plaintiffs' property under a theory of statutory conversion.

6. The prerequisites for removal under 28 U.S.C. § 1331 and § 1441 have been met.

7. Written notice of the filing of this notice of removal will be given to the adverse parties as required by law.

8.  The allegations of this notice are true and correct and this cause is within the jurisdiction of the United States District Court for the Western District of Michigan. Defendants file this notice of removal and remove this civil action to the United States District Court for the Western District of Michigan. Plaintiffs are notified to proceed no further in state court unless or until the case should be remanded by order of the United States District Court.

Respectfully Submitted,

CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.

Date: August 28, 2023

*/s/ Allan Vander Laan*_____
Allan C. Vander Laan (P33893)
Attorney for Defendants